IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CITY OF BEND, an Oregon
Municipal Corporation,                    Civil No. 07-6048-HO

               Plaintiff,         ORDER

   v.

TRANSIT SALES INTERNATIONAL,
INC.,

               Defendant,

    Defendant Transit Sales International, Inc. (TSI) removed this action from the Circuit Court of the State of Oregon for Deschutes County based on diversity of citizenship of the parties and an amount in controversy exceeding $75,000. The complaint alleges fraud, breach of warranty, odometer tampering, unlawful trade practices and unjust enrichment, all related to plaintiff City of Bend's purchase of six busses from TSI. TSI filed a motion to dismiss and alternate motion to change venue. TSI contends that personal jurisdiction is lacking, venue is improper, and the City fails to state a claim for breach of

warranty and unlawful trade practices.  The City does not contest dismissal of the fourth claim for unlawful trade practices.

I.  Personal Jurisdiction

Having selected the forum, plaintiff has the burden to prove facts establishing personal jurisdiction.  See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). Where, as here, the court receives only written submissions, plaintiff must prove a prima facie case of jurisdiction.  Id. Plaintiff's well-pleaded factual allegations are accepted as true.  Id.  Conflicts in the affidavits are resolved in plaintiff's favor.  Id.

A.  Facts Viewed in Light Most Favorable to Plaintiff

TSI is a California corporation headquartered in Riverside, California.  TSI sells used transit buses.  An Oregon broker referred Bend Area Transit Manager Heather Ornelas to TSI's interactive website.  Ornelas entered the City's contact information into TSI's website from her office in Bend, Oregon, and transmitted the information to TSI over the internet.  TSI sales representative John Gresham told Ornelas that TSI purchases and sells buses all over the United States, and can pick up or deliver fleets anywhere.

Ornelas communicated with Gresham and TSI's vice president for sales, Richard Sullivan, by telephone and/or email from her office.  TSI placed calls to Ornelas at her office.

The City purchased six used transit buses from TSI pursuant to a July 2006 contract. The contract provides for delivery FOB Bend, Oregon. The contract states, "SOLD OUT OF STATE," "NO CALIFORNIA SALES TAX," and "NO CALIFORNIA DMV." The contract further provides that TSI is to "PROVIDE BUY AMERICA CERT[IFICATION] FOR EA[CH] BUS PRIOR TO DELIVERY . . ." A page of the contract captioned "BINDING DOCUMENTS AND SIGNATURES" lists two documents: purchase order/contract number 71320 C/O#1, and "BID PROPOSAL BY TRANSIT SALES - AS ADJUSTED FOR FARE BOXES[.]"

A common carrier delivered the buses to Bend, Oregon.

TSI's website states that TSI supplies used buses to customers in the United States, Canada, Mexico and throughout the world, and that most of TSI's inventory comes from the western United States.

Ornelas states that TSI is currently listed on the US Motorcoach Association website as a vendor, and that TSI participated in BUSCON, a national conference, and the 2002 EXPO, a triennial international conference attended by all the large public transit providers in Oregon.

In 2002, George Trauger of the Lane Transit District (LTD) visited TSI's Riverside, California place of business. Trauger recommended that LTD purchase 5 buses from TSI. In 2002 and 2003, TSI purchased used transit buses from Lane Transit

District.

Over the course of approximately three years, TSI contacted Ron Imondi, purchasing manager for TriMet, by telephone to Portland, Oregon, to inquire if TriMet was planning on selling used transit buses. Imondi repeatedly told TSI that TriMet could not sell directly to TSI, but if it had buses to sell, it would sell through E-Bay or Zakula-Beal Auctioneers, Inc. TSI purchased 11 TriMet buses on October 22, 2003 at auction at Zakula-Beal's facility in Fairview, Oregon.

South Metro Area Rapid Transit (SMART) of Wilsonville, Oregon, purchased two buses from TSI in 2004. TSI representatives regularly phone SMART Fleet Services Director Stephen Dickey to inquire whether SMART has used busses that TSI can purchase.

After the City notified TSI of alleged breaches of warranty, TSI advised the City by letter that it would travel to Bend to address the breach of warranty allegations.

The parties dispute whether the contract contains a forum selection clause based on the requirements of the "Buy America" certification program. A fact finder could not reasonably conclude from the City's evidence that the contract contains such a clause. The contract requires TSI to provide a "Buy America" program certification. The City contends that the contract required TSI to abide by all "Buy America" program requirements,

which include a mandatory forum selection clause requiring claims to be decided in the recipient's state. <u>See</u> pl's ex. 7. TSI characterizes this clause as model language derived from "Buy America" program materials. The City cites to no law that requires this clause for "Buy America" certification. The court finds none. While TSI must provide "Buy America" certification, nothing in the contract incorporates or requires this forum selection clause.

    B. Allegations of the Complaint

The complaint alleges, <u>inter alia</u>, that TSI misrepresented and concealed the value of the buses, the price it paid for the buses, the fact that it purchased the buses for scrap from the Utah Transit Authority, the condition of the buses, the functionality of bus components, and odometer readings, with the intent that plaintiff rely on the misrepresentations. The complaint further alleges that TSI officials knew they were communicating with City of Bend officials in Oregon, and that the contract required TSI to ship the allegedly deficient buses FOB to Bend, Oregon. Complaint at 2-6.

    C. Discussion

The court may exercise personal jurisdiction over TSI if permitted by the Due Process Clause of the United States Constitution. <u>Harris Rutsky & Co. Ins. Svcs., Inc. v. Bell & Clements Ltd.</u>, 328 F.3d 1122, 1129 (9th Cir. 2003); Or. R. Civ.

5 - ORDER

P. 4L. The City contends that personal jurisdiction arises from TSI's specific contacts with Oregon related to plaintiff's claims, and from TSI's general contacts with Oregon unrelated to the City's claims.

Exercise of specific jurisdiction is proper if (1) the defendant purposefully directs activities toward, or consummates a transaction with, a forum resident, or performs some act by which he purposefully avails himself of the privileges of conducting activities in the forum, (2) the claim arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. Id.

TSI contends that it did not purposefully avail itself of the privilege of conducting activities in Oregon. The purposeful direction or availment requirement is satisfied in an intentional tort case where the defendant is alleged to have committed an intentional act expressly aimed at the forum state causing harm that the defendant knows is likely to be suffered in the forum state. Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). The purposeful availment requirement of plaintiff's prima facie case is satisfied by the allegations of the complaint supporting the fraud claim, and the evidence that TSI officials knowingly directed communications and entered into a contract requiring it to cause allegedly deficient buses to be delivered FOB to Bend, Oregon.

6 - ORDER

Decisions[1] cited by TSI finding no purposeful availment are contract cases, which are analyzed differently than intentional tort cases. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). While plaintiff alleges breach of warranty, its first claim alleges fraud.

"Once it has been decided that a defendant purposefully established minimum contacts with a forum, 'he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' in order to defeat personal jurisdiction." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1114 (9th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)). The Ninth Circuit considers several factors to determine whether the exercise of personal jurisdiction is reasonable. Id.

    1. Extent of Purposeful Interjection Into Forum

TSI received information from a website it had made accessible to Oregonians. TSI directed allegedly false communications to Bend officials in Oregon in several e-mails. TSI knowingly entered into a contract with an Oregon municipality. The contract required TSI to arrange to ship buses to Oregon, and to bear the risk of loss until delivery in Bend, Oregon. TSI's president offered to fly to Oregon with TSI's

---

[1] See e.g. Naumers, Inc. v. Alimentos Del Caribe, 77 F. Supp. 2d 1158 (D. Or. 1999); Gray & Co. v. Firstenberg Machinery Co., Inc., 913 F.2d 758 (9th Cir, 1990).

7 - ORDER

general manager and vice president of sales to address the warranty issues.

    2.   Burden on TSI

TSI has no offices in Oregon. TSI apparently has offices only in southern California. TSI's officials are able to travel. TSI is able to deliver buses all over the world, and to receive buses from the western United States.

    3.   Conflict with Sovereignty of TSI's State

TSI asserts that California has an interest in regulating conduct occurring in California. TSI identifies no conflict with Oregon's sovereignty.

    4.   Forum State's Interest

The forum state usually has an interest in protecting its citizens. Burger King, 471 U.S. at 473. This factor weighs in favor of personal jurisdiction.

    5.   Efficiency of Judicial Resolution

The parties dispute which forum is the most efficient. There is little demonstrated advantage from adjudication in one forum or the other. TSI's witnesses are in California. The City's witnesses are in Oregon. Records may be located in California, Oregon and possibly Utah. The buses are in Oregon.

    6.   Relative Importance of Oregon Forum

On the question of the relative importance of the forum, the parties address nothing beyond the City's convenience. This

8 - ORDER

consideration is entitled to little or no weight under this factor. Caruth v. Inter'l Psychoanalytical Ass'n, 59 F.3d 126, 129 (9th Cir. 1995).

      7.  Availability of Alternative Forum

The parties agree that California is an available forum.

TSI does not demonstrate that this court's exercise of personal jurisdiction over TSI based on specific jurisdiction is unreasonable.  TSI purposefully directed activities toward Oregon and consummated a transaction with an Oregon municipality.  The City's claims arise out of or relate to TSI's forum-related activities.  The City establishes a prima facie case of personal jurisdiction over defendant in this Oregon forum.

II.  Rule 12(b)(6)

Relying on W. S. Maxwell Co.v. Southern Oregon Gas Corp., 74 P.2d 594, 597 (Or. 1937), TSI argues that the complaint fails to state a claim for breach or warranty, because it does not allege notice, a condition precedent that must be pleaded and proved by the party seeking to recover.  Federal law controls the manner in which state law claims are raised in federal court. EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase, Bank, NA, 467 F.3d 466, 470, n. 2 (5th Cir. 2006); See Taylor v. United States, 821 F.2d 1428, 1433 (9th Cir. 1987).  Paragraph 17 of the complaint alleges that the city satisfied all conditions precedent to enforcement of the contract.  This is all that the Federal Rules

9 - ORDER

require.  Fed. R. Civ. P. 9(c).

III. Venue

TSI moves for dismissal or change of venue in the interest of justice under 28 U.S.C. § 1406, on the ground that venue is improper.  Venue is proper in the District of Oregon.  28 U.S.C. § 1441(a).  Section 1406 provides no ground for change of venue. McCloud Constr., Inc. v. Home Depot USA, Inc., 149 F. Supp. 2d 695, 697-98 (E.D. Wis. 2001).

## Conclusion

Based on the foregoing, TSI's motion to dismiss/alternative motion for change of venue [#4] is granted to the extent that plaintiff's fourth claim for violation of the Oregon UTPA is dismissed for failure to state a claim, and otherwise denied.

IT IS SO ORDERED.

DATED this   7th   day of June, 2007.


                                         s/ Michael R. Hogan
                                      United States District Judge